UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOEL FIELD, Individually and For Others Similarly Situated, <br><br> v. <br><br> ENERGYFIRST ENGINEERING AND CONSULTING, LLC, PLANNING THRU COMPLETION, LLC, AND RUSCO OPERATING, LLC | Case No. _____ |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOEL FIELD, Individually and For Others Similarly Situated, <br><br>     Plaintiff, <br><br> v. <br><br> ANADARKO PETROLEUM CORPORATION <br><br>     Defendant. | Case No. 4:20-cv-575 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFF FIELD'S MOTION TO COMPEL SUBPOENA COMPLIANCE**

1.      **Summary.**

Plaintiff Joel Field (Field) moves to compel documents responsive to a subpoena served on EnergyFirst Engineering and Consulting, LLC (EnergyFirst), Planning Thru Completion, LLC (PTC), and Rusco Operating, LLC (Rusco), relating to discovery in a certified Fair Labor Standards Act collective action currently pending in the Southern District of Texas. *See Field v. Anadarko Petroleum Corp.*, No. 4:20-cv-00575 (S.D. Tex. 2020) ("the underlying matter"). Field alleges a collective defined as: "All Completions Consultants, Drilling Consultants, and Project Managers employed by, or

working on behalf of, Anadarko who were classified as independent contractors and paid a day-rate with no overtime at anytime during the past three years." *Id.* at Doc. 48 (S.D. Tex. Oct. 15, 2020). Field's subpoena to EnergyFirst/PTC/Rusco is narrowly tailored to documents and information necessary to comply with the Court's Order granting conditional certification. *See* **Exhibit 1**, Subpoena to Energy First; **Exhibit 2**, Subpoena to PTC; **Exhibit 3**, Subpoena to Rusco; *see also* **Exhibit 4** (EnergyFirst Response), **Exhibit 5** (PTC Response), **Exhibit 6** (Rusco Response).

The *Anadarko* Court has issued two Orders permitting Field's discovery requests: First, its Order granting conditional certification, which explicitly permitted discovery to third parties. *See* **Exhibit 7** (Order Granting Conditional Certification). Second, its Order denying third-party New Tech's motion to quash a document request identical to Request No. 1 to EnergyFirst, PTC, and Rusco. *See* **Exhibit 8** (Order Denying Motion to Quash in Part).

EnergyFirst, PTC, and Rusco offer no valid objections under Rule 45 or 26. Nor did they seek protection from the subpoena. They must be compelled to produce the information in compliance with Field's subpoena. This Court should also award Plaintiffs costs and fees associated with the preparation of this motion.

### 2. Document Request and Objections at Issue.

Field moves to compel EnergyFirst/PTC/Rusco's response to the following document request:

> 1. For all CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RLEVANT TIME PERIOD, produce in an electronic format (such as excel) the: (a) the names of the CLASS MEMBERS; (b) dates of employment of the CLASS MEMBERS; (c) each CLASS MEMBERS' last known mailing address; and (d) each CLASS MEMBERS' personal email addresses and personal telephone numbers. If electronic means are not available, produce all DOCUMENTS which provide this information.

*See* Exs. 1 – 3.

EnergyFirst/PTC/Rusco have lodged the following identical objections:

1. RUSCO objects to the definition of "ANADARKO" as including all "subsidiaries, and related entities," as overbroad and disproportionate to the needs of this case—the only entity added as a defendant to this lawsuit is Anadarko Petroleum Corporation.

2. RUSCO also objects that each of the Subpoena's requests seeks information based on the putative class definition issued by this Court, and the Court authorized and defined the putative class using the analysis from *Lusardi v. Xerox Corp.* that the Fifth Circuit has now declared invalid in *Swales v. KLLM Transport Services, LLC*, No. 19-60847, ___ F.3d ___, 2021 WL 98229 (5th Cir. Jan. 12, 2021). The Fifth Circuit in Swales made clear that a more stringent standard must be EnergyFirst/PTC/Rusco to analyze whether any notice should go out to a broad group of potential participants in FLSA collective actions, rather than the lenient *Lusardi* standard that was employed in this case. Id. at *2 (a district court "must rigorously scrutinize the realm of 'similarly situated' workers, and must do so from the outset of the case, not after a lenient, step-one 'conditional certification.' Only then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiffs"). And the Fifth Circuit noted that, if a highly individualized inquiry into the circumstances of each potential participant is necessary, notice and collective treatment may not be proper at all. Id. at *8. Given this analysis in *Swales* and the Fifth Circuit's invalidation of the standard the Court used in this case to certify a putative class, notice is not currently proper to any of the persons whose information might be responsive to the requests that Plaintiffs have issued to RUSCO or any other third parties.

3. RUSCO objects to Request No. 1 as vague and ambiguous, as it requests information about all "CLASS MEMBERS YOU paid a day rate and staffed to ANADARKO during the RELEVANT TIME PERIOD," without defining "day rate." RUSCO did not pay a "day rate," as the term is commonly understood, to any class members as defined by the Court's order. RUSCO further objects that CLASS MEMBERS are defined by the Court as those to whom a day rate and no overtime was allegedly paid, so to the extent this Request seeks information about all persons who were simply allegedly paid a day rate, it goes beyond the scope of what the Court has classified as a CLASS MEMBER and is overbroad, disproportionate to the needs of this litigation, and irrelevant. Finally, RUSCO objects to providing information about any persons who entered into arbitration agreements that cover Anadarko and this dispute, such that they could not participate in this lawsuit or serve as members of the putative class. See *Swales*, 2021 WL 98229, at *6 (holding that workers who entered into arbitration agreements that cover the dispute and that would prevent workers from participating in a collective action against the Defendant shall not receive notice (citing *JPMorgan Chase & Company*, 916 F.3d 494, 504 (5th Cir. 2019))).

*See* Exs. 4–6.

### 3.      Field's Subpoena is Proper and Seeks Relevant Information.

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena duces tecum

commanding a nonparty to "produce designated documents, electronically stored information, or

tangible things in [the nonparty's] possession, custody, or control . . .." FED. R. CIV. P. 45(a)(1)(A)(iii). Rule 45 further allows the issuing Court, when transfer is agreed upon by the Parties as it is here, to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. *See* FED. R. CIV. P. 45(e). Thus, when a non-party fails to respond or cooperate with a subpoena, a motion to compel and contempt hearing are the available remedies. FED. R. CIV. P. 45(d)(2)(B)(i).

The Court has broad discretion in resolving disputes over motions to compel discovery of documents. *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 337 n.8 (5th Cir. 1976). Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefits." FED. R. CIV. P. 26(b)(1).

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *DAC Surgical Partners P.A. v. United Healthcare Services, Inc.*, No. 4:11-cv-1355, 2014 WL 585750, at *3 (S.D. Tex. Feb. 14, 2014) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). In assessing the relevancy and proportionality of requested discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See Kilmon v. Saulsbury Industries, Inc.*, No. MO:17-CV-99, 2018 WL 5800757, at *1 (W.D. Tex. Feb. 28, 2018) (Counts, J.) (quoting FED. R. CIV. P. 26(b)(1)).

Where a subpoenaed non-party seeks to resist production, a non-party's "objections to discovery requests in a subpoena are subject to the same prohibition" as objections to discovery requests between parties to a litigation. *See Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015). "This means that a non-party is subject to the requirements that an objection to a document request must, for each item or category, state with specificity the grounds for objecting to the request, including the reasons, and must state whether any responsive materials are being withheld on the basis of that objection." *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018).

### 4.   EnergyFirst/PTC/Rusco's Objections to Field's Subpoena Should be Overruled.

Conditional certification has been decided in this action. Doc. 48 (Ex. 7); Doc. 50. The method of notice has been agreed upon by the parties, Doc. 54, and approved by the Court. Doc. 56.

EnergyFirst/PTC/Rusco contends it should not have to fully comply with the subpoena because it believes the Court erred in granting conditional certification and notice. But EnergyFirst/PTC/Rusco is not a party to this action. It has no standing to challenge this Court's orders defining the scope of the conditionally certified class and who should receive notice. This argument belonged to Anadarko alone.

EnergyFirst/PTC/Rusco raise improper objections based on purported arbitration agreements between the putative class members and EnergyFirst/PTC/Rusco. *In re JPMorgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019) found that "an **employer** that seeks to avoid a collective action, **as to a particular employee**, has the burden to show by a preponderance of the evidence, the existence of a valid arbitration agreement for that employee." *Id.* at 502-03 (emphasis added). "But if the employer fails to establish the existence of a valid arbitration agreement as to an employee, that employee would receive the same notice as others." *Id.* Anadarko offered proof of arbitration agreements between itself and two opt-ins. Doc. 16; Doc. 16-4. It did not carry its burden to show

that any worker staffed through EnergyFirst/PTC/Rusco had a valid arbitration agreement or that any such agreement covered a third-party like Anadarko or was otherwise applicable here. *Id.* Under the holding of *JPMorgan*, these workers are entitled to notice. *JPMorgan* does not provide an avenue for EnergyFirst/PTC/Rusco to challenge either the order granting conditional certification or the definition of those who should receive notice.

"*JP Morgan* held that a district court abuses its discretion when it ordered notice to 35,000 employees ***of the defendant*** who were not in fact 'potential participants' in the lawsuit because those employees had signed valid and enforceable arbitration agreements ***with the defendant***. *JP Morgan* does not stand for the proposition that employees of a defendant cannot be sent notice because those employees may have an arbitration agreement with a third party that precludes them suing that third party." *Flynn v. Sanchez Oil & Gas Corp.*, No. SA-19-CV-00867-JKP, 2020 WL 963892, at *3 (W.D. Tex. Feb. 27, 2020), *adopted*, 2020 WL 1695689 (W.D. Tex. Apr. 7, 2020). Nothing in *JP Morgan* suggests that a non-party has a right to collaterally attack a court's order granting conditional certification and notice. EnergyFirst/PTC/Rusco's refusal to produce information based upon its (unsupported) statement that some workers have arbitration agreements is immaterial. The Court has ordered that these workers should receive notice and EnergyFirst/PTC/Rusco is sole possession of the information necessary for that to occur. It may not refuse to comply because it disapproves of Anadarko's efforts in opposing conditional certification or thinks this Court got it wrong.

5.      **Other courts have required third parties to respond to similar subpoenas.**

Courts routinely require third-party vendors to comply with subpoenas seeking identifying information about putative class members staffed by them to the defendant employer in FLSA collective actions like this even prior to conditional certification. *See, e.g.*, *Parrish v. Premier Directional Drilling, L.P.*, Civ. No. SA-16-CA-00417-DAE, 2017 WL 8774230, at *9 (W.D. Tex. Mar. 1, 2017) (denying motion to quash third-party subpoena seeking information concerning putative class

members' working relationship with third-party vendor); *Hennigar v. Applied Consultants, Inc.*, No. 3:21-MC-0004-S-BT, Dkt. 22 (N.D. Tex. Mar. 15, 2021) (**Exhibit 9**); *Miller v. The Steam Generating Team, LLC,* No. 2:20-mc-00234-RJC, 2020 WL 1821698, at * (W.D. Pa. Apr. 10, 2020) (granting employee's motion to compel compliance with third-party subpoena seeking identifying information about the putative class finding such identifying information "has consistently been compelled by district courts [even] prior to conditional certification."); *Romero v. Smith Mgmt. and Consulting, LLC*, Civ. A. No. 19-mc-91493-PBS, Doc. 28, at *4-5, 7-9 (D. Mass. Mar. 4, 2020) (granting employee's motion to enforce compliance with third-party subpoena and compelling third-party vendor to provide information for the putative class members it staffed to the defendant employer) (**Exhibit 10**); *Hall v. Dominion Energy, Inc.*, No. 318-cv-321, Doc. 78 (E.D. Va. Apr. 26, 2019) (granting employee's motion to enforce third-party subpoena and compelling identifying class information for workers staffed by third-party vendor to the defendant employer) (**Exhibit 11**).

6. ***Swales*** **does not alter EnergyFirst's, PTC's, and Rusco's burden to respond to a subpoena.**

The subpoena recipients object to the recent opinion from the Fifth Circuit, *Swales v. KLLM Transp. Servs., L.L.C.*, No. 19-60847, 2021 WL 98229 (5th Cir. Jan. 12, 2021) to justify its refusal to comply with a subpoena. Specifically, the subpoena recipients contend that *Swales* holds that this Court should not allow conditional certification or notice to putative class members based on the certification process that this Court used under the now-rejected *Lusardi* standard. But the subpoena recipients point to nothing in *Swales* that allows a nonparty to challenge the Court's conditional certification order. The Court issued orders granting conditional certification, approving the joint proposed notice, and ordering Anadarko to subpoena the subpoena recipients. Exs. 7, 8. The information Plaintiffs seeks through the subpoena is relevant under Rule 26 and appropriate under Rule 45. The subpoena recipients may not overturn these orders because it doesn't want its workers to receive notice of this lawsuit.

Undeterred, the subpoena recipients argue that this action may not be appropriate for collective treatment. Again, the subpoena recipients may not challenge this Court's order granting conditional certification nor ultimately move to decertify a class. They have no basis to withhold information it otherwise would provide if it agreed with the Court's decision.

Nothing in *Swales* provides EnergyFirst/PTC/Rusco authority to seek reconsideration of the Court's orders or withhold contact information based on an alleged arbitration agreement. As the *Swales* opinion notes, the Fifth Circuit "held [in *JPMorgan*] that it was improper to **refuse to consider evidence** about arbitration agreements before sending notice because notice can only go to '**potential** participants.'" *Swales*, 2021 WL 98229, at *6 (emphasis added). These workers staffed through EnergyFirst are potential participants and nothing offered by Anadarko established, by a preponderance of the evidence, that any of them had a valid arbitration agreement that prevented them from joining this action. Notice is therefore proper to each of them.

Even if the Court decides to reconsider its Orders on conditional certification, the information from EnergyFirst/PTC/Rusco is still relevant. In fact, even more so. *Swales* held that "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible." *Swales*, 2021 WL 98229, at *7. The Court would undertake an inquiry about the workers similarly situated to Hutchins, including those staffed by EnergyFirst/PTC/Rusco to provide work for Anadarko on the drill sites. It is important for Anadarko to have a complete list of those personnel who are **potential** participants and their dates of employment. *Swales* does not, as EnergyFirst/PTC/Rusco suggests, indicate that conditional certification is inappropriate or impossible here. It requires courts to consider whether sufficient material legal or factual similarities among the proposed class exist and whether

these similarities have the potential to advance the claims, collectively, to some resolution. The information held by EnergyFirst/PTC/Rusco is relevant and discoverable to this analysis.

       **7.**      **EnergyFirst/PTC/Rusco's decision to withhold information warrants costs and fees.**

The Court's order conditionally certified a class of "All Completions Consultants, Drilling Consultants, and Project Managers employed by, or working on behalf of, Anadarko who were classified as independent contractors and paid a day-rate with no overtime at anytime during the past three years." Ex. 7. EnergyFirst/PTC/Rusco are withholding all responsive contact information. There is no sufficient basis for EnergyFirst/PTC/Rusco to improperly withhold relevant production in defiance of the Court's order.

Nothing in the Court's order excludes those workers who had or potentially had arbitration agreements with EnergyFirst/PTC/Rusco, nor should the class definition be read (or redefined) to exclude workers who performed the job duties listed under a different title. Instead of complying with the subpoena, EnergyFirst/PTC/Rusco has dragged out the conferral process and caused substantial delay. Plaintiffs originally subpoenaed EnergyFirst/PTC/Rusco's parent company, RigUp, Inc., for responsive documents. *See* **Exhibit 12** (RigUp's Objections and Responses to Subpoena). During subsequent conferrals, RigUp's counsel never clarified that related entities EnergyFirst, PTC, and Rusco were technically the appropriate third parties to subpoena, and instead simply stated that "RigUp is not in possession of any information responsive to the subpoena." *See* **Exhibit 13** (Dec. 4, 2020 Correspondence). Plaintiffs then served the subpoena to EnergyFirst. Ex. 1; Ex. 4. Despite the Court expressly permitting third party discovery, EnergyFirst/PTC/Rusco's counsel were not convinced that Anadarko was not in possession of responsive information. Plaintiffs were forced to confer again, this time with Anadarko included, creating more delay. *See* **Exhibit 14** (Jan. 20, 2021 Correspondence); **Exhibit 15** (Feb. 1, 2021 Correspondence). Only after this conversation was EnergyFirst/PTC/Rusco willing to confer on the merits of its own objections, and on February 10,

2021 they confirmed they never intended to comply. *See* **Exhibit 16** (Feb. 10, 2021 Correspondence);

**Exhibit 17** (Feb. 12, 2021 Correspondence).

      **8.**      **Conclusion.**

      For these reasons, Plaintiffs ask the Court to order EnergyFirst, PTC, Rusco to respond to Field's subpoena request No. 1 and grant Field all other just relief.

                    Respectfully submitted,

                    **JOSEPHSON DUNLAP LLP**

                    *By: /s/ Michael A. Josephson*
                        **Michael A. Josephson**
                        Texas Bar No. 24014780
                        **Andrew W. Dunlap**
                        Texas Bar No. 24078444
                        **Carl A. Fitz**
                        Texas Bar No. 24105863
                    **JOSEPHSON DUNLAP LLP**
                    11 Greenway Plaza, Suite 3050
                    Houston, Texas 77046
                    Tel: (713) 352-1100
                    Fax: (713) 352-3300
                    mjosephson@mybackwages.com
                    adunlap@mybackwages.com
                    cfitz@mybackwages.com

                    **Richard J. (Rex) Burch**
                    Texas Bar No. 24001807
                    **BRUCKNER BURCH PLLC**
                    11 Greenway Plaza, Suite 3025
                    Houston, Texas 77046
                    Tel: (713) 877-8788
                    Fax: (713) 877-8065
                    rburch@brucknerburch.com

                    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

On March 26, 2021, I served a copy of this document on all registered parties and/or their counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

/s/ Michael A. Josephson
Michael A. Josephson

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff conferred with Counsel for EnergyFirst, PTC, and Rusco regarding the relief requested herein. EnergyFirst, PTC, and Rusco are opposed.

/s/ Carl A. Fitz
Carl A. Fitz